J. S22025/16

2016 PA Super 145

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW JOSIAH GOSLIN, | : | |
| | : | |
| Appellant | : | No. 1114 MDA 2015 |

Appeal from the Judgment of Sentence June 2, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division No(s): CP-36-CR-0005761-2014

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

DISSENTING OPINION BY DUBOW, J.:         **FILED JULY 06, 2016**

Respectfully, I dissent. Unlike the majority, I would conclude that the trial court erred in not properly considering the plain language of the statutory defense to Possession of Weapon on School Property. 18 Pa.C.S. § 912(c).

Generally, a statute's plain language provides the best indication of legislative intent. **Commonwealth v. McCoy**, 962 A.2d 1160, 1166 (Pa. 2009) (citation omitted). We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain

---

[*] Retired Senior Judge assigned to the Superior Court.

and ordinary meaning. *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013).

In this case, the statutory language at issue provides:

(c) Defense.—It shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course **or is possessed for other lawful purpose**.

18 Pa.C.S.A. 912(c) (emphasis added).

Here, unlike the majority, I find that the statutory language is clear and unambiguous and should, therefore, not look beyond its plain language to ascertain its meaning.

My review confirms that the plain meaning of Section 912(c) provides two separate defenses: (1) possessing a weapon on school property "in conjunction with a lawful supervised school activity;" and (2) possessing "for other lawful purpose."

While we cannot turn to a dictionary to ascertain the plain or ordinary meaning of the phrase "other lawful purpose," we can analyze the component parts to determine the phrase's definition.

Something that is "other" is "distinct from the one or those first mentioned or understood," or is "additional." Webster's Third New International Dictionary 1598 (1986).

A "lawful" act is one that is "allowed or permitted by law." *Id.* at 1279.

- 2 -

And, last, a "purpose" is "something that one sets before himself as an object to be attained," "an end or aim to be kept in view in any plan, measure, exertion, or operation," or "an object, effect, or result aimed at, intended, or attained." *Id.* at 1847.

Thus, for purposes of the instant case, I conclude that the plain meaning of the phrase "other lawful purpose" is an aim or goal different from, or in addition to, an aim or goal described in the first clause of section 912(c) that is permitted by law.

By its plain terms, the first clause of this subsection specifically provides as a defense to the charge of Possession of Weapon on School Property the possession of a weapon that is possessed and used in association with a lawful supervised school activity or course.

The second clause of this subsection—and the one at issue here— serves as a catchall provision. The "other lawful purpose" language does not restrict the defense provided in section 912(c), as the majority has concluded. Instead, I find that the critical phrase does just the opposite. It expands the defense to include any additional or different lawful reason not otherwise mentioned in the first clause of section 912(c), regardless of whether it is school-related.[1] To conclude otherwise renders "possessed for

_____

[1] The parties do not argue, and the trial court did not assert, that Appellant's possession of a pocketknife for use in his profession as a carpenter, or to open cans of tuna fish is not a lawful purpose.

other lawful purpose" redundant with "possessed and used in association with a lawful supervised school activity or course."

I would find that the language of Section 912(c), though broad, is unambiguous, and that Appellant possessed his pocketknife on school grounds for "other lawful purpose."

I note that the possession of weapons on school property is obviously a major concern to communities across Pennsylvania.  It is, however, for the legislature, and not the courts, to limit the applicability of a defense to any crime.  The legislature has not yet done so here and the courts lack the authority to re-write the clear and unambiguous language of Section 912(c).  Therefore, I am bound to interpret Section 912(c) broadly, and, consequently, would reverse Appellant's judgment of sentence and order a new trial.